UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE: THE MARRIAGE OF )
PAMELA J. WILSON and )
BERT L. WILSON, )
 )
    Plaintiffs, )
 ) No. 4:07CV01415 FRB
 )
v. )
 )
THE ST. LOUIS METROPOLITAN )
SEWER DISTRICT, )
 )
    Defendant. )

**MEMORANDUM AND ORDER**

Presently pending before the Court are the motions of respondent Bert L. Wilson ("respondent") and plaintiff Pamela J. Wilson ("plaintiff") to remand this matter to state court (Docket No. 3/filed August 31, 2007 and Docket No. 4/filed September 5, 2007, respectively.) This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

This is an action for dissolution of marriage, originally filed by plaintiff on November 6, 2006 in the Circuit Court of St. Louis County, Missouri, cause number 06FC-010315. (Docket No. 1-2 at 110-13.) Respondent is an employee of defendant St. Louis Metropolitan Sewer District ("defendant" or "MSD"). Through this

-1-

employment, respondent has acquired an interest in MSD's Employee Pension Plan and Deferred Compensation Plan (collectively "pension plans") which are alleged to be marital property and subject to division between plaintiff and respondent pursuant to Missouri statutes.

After plaintiff filed her initial petition, she became aware that MSD was taking the position that the pension plans at issue were not subject to qualified domestic relations orders, or to the Employee Retirement Income Act of 1974, as amended ("ERISA"). On June 6, 2007, plaintiff filed her First Amended Petition for Dissolution of Marriage, adding MSD as a party to this action. (Docket No. 1-2 at 13-20.) For her cause of action against MSD, plaintiff alleged that MSD's position that the pension plans would not be subject to a qualified domestic relations order was unconstitutional and void as against public policy. (Id.)

MSD filed its notice of removal, alleging federal question jurisdiction, on August 8, 2007. (Docket No. 1-1.) In its Notice of Removal, MSD states "Plaintiff has challenged Defendant MSD's position that MSD's pension plan is a qualified plan under Section 401(a) of the Internal Revenue Code, as amended (Code). As a governmental plan, the Plan is not subject to the Code Section 414(p) requirements with respect to qualified domestic relations orders, nor is it subject to the Employee Retirement Income Act of 1974, as amended (ERISA)." (Id.)

To date, the dissolution action is still pending. The

Circuit Court of St. Louis County has not issued an order regarding the pension plans.

**II. Legal Analysis**

In its removal notice, MSD alleges federal question jurisdiction, inasmuch as plaintiff has challenged the constitutionality of a federal law.  Under the general federal removal statutes, an action brought in state court can be removed to federal court if the federal court would have had original jurisdiction.  28 U.S.C. § 1441(a).  The party seeking removal bears the burden of establishing federal subject matter jurisdiction.  In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n. 13 (8th Cir. 1978)).  This Court is required to resolve all doubts about federal jurisdiction in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d at 183 (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

An action that has been removed to federal court may be remanded to state court on the basis of a defect in the removal procedure.  28 U.S.C. § 1447(c).  As both plaintiff and respondent correctly contend in their respective motions to remand, MSD's removal notice is defective because respondent did not join therein.  See Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005) (citing Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.,

254 F.3d 753, 755 n. 2 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded."))

Even if MSD could cure the defect created by the absence of respondent's consent, removal would be improper. In its Notice of Removal, MSD alleges federal question jurisdiction. A federal question is raised in cases in which "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). It is well-settled that the federal jurisdiction must be apparent from the face of a properly pleaded complaint. Senty-Haugen v. Goodno, 462 F.3d 876, 889 (8th Cir. 2006). An exception exists, however, in situations of "complete preemption," when federal law is so dominant in a particular field that it transforms state law claims into federal claims. Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987).

A federal court cannot, however, exercise authority over a claim that is not ripe. See Ohio Forestry Association, Inc. v. Sierra Club, 523 U.S. 726 (1998). Article III limits federal courts to deciding only "cases and controversies", and precludes the issuance of advisory opinions. In re Bender, 368 F.3d 846, 847-48 (8th Cir. 2004); see U.S. Const. art. III. An advisory opinion would be one stating "what the law would be upon a

hypothetical state of facts." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-808 (2003).

The ripeness inquiry requires the examination of both (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. Nebraska Public Power District v. MidAmerican Energy Co., 234 F.3d 1032, 1037, 1039 (8th Cir. 2000). A claim is not ripe for adjudication if "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998). The Eighth Circuit has repeatedly stated that a case is not ripe if there is no showing that the injury is "direct, immediate, or certain to occur." Public Water Supply District No. 10 of Cass County, Mo. v. City of Peculiar, Mo., 345 F.3d 570, 573 (8th Cir. 2003).

This case is not ripe for removal. MSD's claim is not fit for judicial determination, and MSD cannot demonstrate hardship in the absence of this Court's consideration. MSD presents only the potential for federal question jurisdiction. MSD's claim is

contingent upon the occurrence of a future event; namely, the issuance by the state court of a qualified domestic relations order regarding the pension plans.  This event may or may not occur.  MSD cannot demonstrate that it is facing a direct, immediate injury, or an injury that is certain to occur.  This Court cannot exercise jurisdiction merely to decide what the law would be in the event the state court issues an order concerning the pension plans.  See Preiser, 422 U.S. at 401, see also U.S. Const. art. III.

Construing the removal statutes strictly and resolving all doubts in favor of remand, the undersigned finds that MSD has not carried its burden of showing that this matter is ripe for removal.  This matter is therefore subject to remand to state court pursuant to 28 U.S.C. § 1447(c).

Therefore, for all of the reasons stated,

**IT IS HEREBY ORDERED** that the motions of respondent Bert L. Wilson (Docket No. 3) and petitioner Pamela J. Wilson (Docket No. 4) to remand this matter to state court are **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of October, 2007.